CHRIS ROSFJORD, WSBA #37668
ROSFJORD LAW, PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849
Email: rosfjordlaw@gmail.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSH THOMAS, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>CITIBANK CORPORATION,<br><br>        Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**[JURY DEMAND]** |

Plaintiff JOSH THOMAS, by and through his attorney, Chris Rosfjord of Rosfjord Law, PLLC, brings this Class Action Complaint, on behalf of himself and all others similarly situated, alleges as follows:

### I. PARTIES

1. Plaintiff JOSH THOMAS ("Plaintiff") is an individual residing in Kitsap County, Washington.

2. Upon information and belief, Defendant CITIBANK CORPORATION ("Defendant" or "Citibank") is a Delaware corporation doing business within this district and with multiple business locations within this District.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 USC § 1331(a), 15 USC § 1861p, 15 USC § 1640, and 28 USC § 1367.

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 1 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

4. This Court has personal jurisdiction over Defendant Citibank because Defendant Citibank is doing business in this District, has multiple business locations in this District, and purposefully directed its actions complained of herein towards this forum which have caused and are causing injury to Plaintiff Thomas.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and (c).

### III. FACTUAL ALLEGATIONS

6. Plaintiff Thomas is an independent contractor who provides computer programming services.

7. In December 2013, Plaintiff Thomas obtained a credit card through Citibank.

8. On March 22, 2019, Plaintiff Thomas submitted a payment to Citibank via check in the amount of $12,728.74, which was the total outstanding balance on the credit card.

9. Unfortunately, Plaintiff Thomas' March 22, 2019 payment was subsequently returned for insufficient funds.

10. Upon receipt of the check, Citibank reduced Plaintiff Thomas' outstanding balance to $0.00, even though the check had yet to clear Plaintiff Thomas' checking account.

11. Plaintiff Thomas subsequently made additional purchases on his Citibank credit card related to a business he is currently starting, which raised his outstanding balance above his revolving credit limit.

12. On April 20, 2019, Plaintiff Thomas logged into his Citibank account to make a payment.

13. The screen indicated that Plaintiff Thomas' minimum payment to avoid

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 2 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

being late was $310.65, which is the amount Plaintiff Thomas paid.

14. On or about April 24, 2019, Plaintiff Thomas received an email notifications from two of the credit reporting agencies that there had been a change to his credit score.

15. Upon reviewing the notifications, Plaintiff Thomas saw that Citibank was reporting his account as 30 days late in the amount of $379.00 to the credit bureaus, even though when Plaintiff Thomas logged in on April 20, 2019 the $379.00 was not included in the minimum due.

16. On or about May 9, 2019, Citibank reported to the credit bureaus that both of Plaintiff Thomas' April 2019 and May 2019 payments were 30 days past due, even though the April 2019 payment was timely made and the May 2019 payment was not due until May 22, 2019.

17. Additionally, Citibank is reporting to credit bureaus that Plaintiff Thomas' monthly payment is $14,001.00.

18. Plaintiff Thomas has requested Citibank to correct the information it is reporting to the credit bureaus; however, Citibank has refused and instead has reported that the information is disputed by Plaintiff Thomas.

19. Defendant Citibank has contacted Plaintiff Thomas multiple times in one day and on numerous occasions has contacted with Plaintiff Thomas with multiple consecutive telephone calls using different telephone numbers via automated telephone system.

20. Defendant Citibank has contacted Plaintiff Thomas multiple times between the hours of 9:00 PM to 8:00 AM.

21. Due to the excessive robocalls Plaintiff Thomas has been receiving from Defendant Citibank, Plaintiff Thomas has essentially been forced to ignore his cell

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 3 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1  phone.

2  22.  On or about July 17, 2019, Plaintiff Thomas was contacted by a Citibank
3  representative in response to Plaintiff Thomas' attempt to amicably resolve this matter.
4  Plaintiff Thomas recognized the telephone number as one he had previously called in
5  an attempt to amicably resolve this matter.

6  23.  During the July 17, 2019 telephone call, the Citibank representative failed
7  to take any steps to verify that the individual he was speaking with was actually in fact
8  Plaintiff Thomas.

9  24.  Upon information and belief, the July 17, 2019 telephone call was
10 recorded without Plaintiff Thomas' knowledge or permission in violation of his right to
11 privacy.

12 25.  After Plaintiff Thomas contacted Defendant Citibank to resolve this matter
13 amcably, Defendant Citibank has applied excessive fees to Plaintiff Thomas' balance in
14 violation of the Parties' contract.

15 26.  Upon information and belief, Citibank did not perform any actual
16 investigation into Plaintiff Thomas' disputes regarding Citibank's credit reporting.

17 27.  Upon information and belief, Citibank uses an automated system to
18 respond to credit reporting disputes in violation of the Fair Credit Reporting Act.

19 28.  Despite statements that it will work with Plaintiff Thomas inresolving the
20 credit reporting disputes, Citibank has failed to work with Plaintiff Thomas.

### IV. CLASS ACTION

22 29.  Plaintiff brings this action on behalf of a nationwide class preliminarily
23 defined as:

24  All individuals residing in the United States who, during the three years
    prior to the date this Complaint was filed, had erroneous information
25  reported to the credit reporting agencies by Defendant Citibank regarding

Class Action Complaint
(Thomas v. Bank of America Corporation)
Page 4 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

their Citibank account(s) which Defendant Citibank knowingly failed to correct (the "Nationwide Class").

Excluded from the Nationwide Class are Defendant; any agent, affiliate, parent, or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer or director of Defendant; any successor or assign of Defendant; and any Judge to whom this case is assigned as well as his or her staff and immediate family.

30. Plaintiff also brings this action on behalf of a Washington State class primarily defined as:

> All individuals residing in Washington State who, during the three years prior to the date this Complaint was filed, had erroneous information reported to the credit reporting agencies by Defendant Citibank regarding their Citibank account(s) which Defendant Citibank knowingly failed to correct (the "Washington State Class").

Excluded from the Washington State Class are Defendant; any agent, affiliate, parent, or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer or director of Defendant; any successor or assign of Defendant; and any Judge to whom this case is assigned as well as his or her staff and immediate family.

31. These classes are collectively referred to herein as the "Class." Plaintiff reserves the right to amend these class definitions.

32. Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party under Rule 23.

33. **Numerosity.** The proposed Class reportedly consists of hundreds, if not thousands, of members–far too many to join in a single action, and although the Washington Class may be smaller, on information and belief the Washington Class still consists of hundreds, if not thousands, of members, at a minimum, and also satisfies the numerosity requirement.

34. **Ascertainability.** Class members are readily identifiable from information

Class Action Complaint
(Thomas v. Bank of America Corporation)
Page 5 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

in Defendant's possession, custody, or control.

35. **Typicality.** Plaintiff's claims are typical of Class members' claims as each arises from Defendant Citibank's wrongful actions in the course of attempting to collect a debt.

36. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the proposed Class. His interests do not conflict with Class members' interests and he has retained experienced counsel to vigorously prosecute this action on behalf of the Class.

37. **Commonality.** Plaintiff's and Class members' claims raise predominantly common factual and legal questions that can be answered for all Class members through a single class-wide proceeding. For example, to resolve any Class member's claims, it will be necessary to answer the following questions. The answer to each of these questions will necessarily be the same for each class member.

    A.    Whether the Class members had erroneous information reported to the credit reporting agencies by Defendant Citibank regarding their Citibank account(s) which Defendant Citibank knowingly failed to correct;

    B.    Whether Defendant Citibank's conduct resulted in defamation of Class members;

    C.    Whether Defendant Citibank's conduct violated the Fair Credit Reporting Act;

    D.    Whether Defendant Citibank's conduct violated the Washington Consumer Protection Act;

    E.    Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

38. In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 6 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

the requirements for maintaining a class action under Rule 23(b). Common questions of law andfact predominate over any questions affecting only individual members and a class action is superior to individual litigation.

## V.  CAUSES OF ACTION

A.   FIRST CLAIM FOR RELIEF - DEFAMATION

(On Behalf of Plaintiff and All Classes)

39.   Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 38 above.

40.   Between April 2019 and the present, Defendant Citibank willfully and maliciously made inaccurate negative statements to credit reporting agencies regarding Plaintiff Thomas' credit account with Citibank, in particular that the credit account was delinquent. Defendant Citibank has willfully and maliciously made negative statements to credit reporting agencies regarding respective Class members' credit accounts.

41.   The statements Defendant Citibank made about Plaintiff Thomas' and respective Class members' credit accounts being delinquent are false and defamatory.

42.   The false and defamatory statements Defendant Citibank made about Plaintiff Thomas and respective Class members are defamatory *per se* because they have deprived Plaintiff Thomas and respective Class members of the benefit of public confidence and social intercourse and have injured them in their occupations.

43.   The false and defamatory statements Defendant Citibank made about Plaintiff Thomas and respective Class members are not and were not privileged.

44.   As a direct and proximate result of Defendant Citibank's defamatory statements, Plaintiff Thomas and the Class members have suffered damages, including, but not limited to, emotional distress, humiliation, damage to their credit and reputation, and lost business opportunities, in an amount to be proven at trial.

Class Action Complaint
(Thomas v. Bank of America Corporation)
Page 7 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

B. **SECOND CLAIM FOR RELIEF – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692c – UNLAWFUL COMMUNICATIONS AT UNUSUAL OR INCONVENIENT TIMES**

(On Behalf of Plaintiff and All Classes)

45. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 44 above.

46. Section 805 of the FDCPA, 15 U.S.C. § 1692c, governs communications in connection with a debt generally. Section 805(a)(1) specifically prohibits communications with a consumer in connection with the collection of any debt at a time or place known or which should be known to be inconvenient to the consumer.

47. In numerous instances, through the means described in Paragraphs 12-15, in connection with the collection of a debt, Defendant Citibank, directly or indirectly, has communicated with Plaintiff Thomas and respective Class members in connection with the collection of a debt at a time known by Defendant Citibank or which should be known by Defendant Citibank to be inconvenient to Plaintiff Thomas and respective Class members.

48. The acts and practices alleged in Paragraphs 24 constitute violations of Section 805(a) of the FDCPA, 15 U.S.C. § 1692c(a).

49. As a direct and proximate result of Defendant Citibank's violations of Section 807 of the FDCPA, 15 U.S.C. § 1692c, Plaintiff Thomas and the Class members have suffered damages in an amount to be proven at trial.

C. **THIRD CLAIM FOR RELIEF – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d – ANNOYING, HARASSING, OR ABUSIVE PHONE CALLS**

(On Behalf of Plaintiff and All Classes)

50. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 49 above.

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 8 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

51. Section 806 of the FDCPA, 15 U.S.C. § 1692d, prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Section 806(5) specifically prohibits debt collectors fmm causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

52. In numerous instances, through the means described in Paragraphs 12-15, in connection with the collection of a debt, Defendant Citibank, directly or indirectly, has engaged in conduct the natural consequence of which is to harass, oppress, or abuse persons.

53. In numerous instances, through the means described in Paragraphs 12-15, in connection with the collection of a debt, Defendant Citibank, directly or indirectly, has caused telephones to ring or engaged persons in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff Thomas and respective Class members, and the natural consequence of such calls has been to harass, oppress or abuse Plaintiff Thomas and the respective Class members.

54. The acts and practices alleged in Paragraphs 29-30 constitute violations of Section 806 of the FDCPA, 15 U.S.C. § 1692d.

55. As a direct and proximate result of Defendant Citibank's violations of Section 807 of the FDCPA, 15 U.S.C. § 1692d, Plaintiff Thomas and the Class members have suffered damages in an amount to be proven at trial.

D. **FOURTH CLAIM FOR RELIEF - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b) - UNLAWFUL USE OF AUTOMATED TELEPHONE EQUIPMENT**

(On Behalf of Plaintiff and All Classes)

56. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 9 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

through 55 above.

57. The Telephone Consumer Protection Act, 47 U.S.C. § 227(b), prohibits the use of automated telephone dialing system or artificial or prerecorded voice to any cellular telephone number.

58. In numerous instances, Defendant Citibank has contacted Plaintiff Thomas and the Class members at their respective cellular telephone number using an automated telephone dialing system and/or artificial or prerecorded voice in violation of the Telephone Consumer Protection Act.

59. As a direct and proximate result of Defendant Citibank's violations of Telephone Consumer Protection Act, 47 U.S.C. § 227(b), Plaintiff Thomas and the Class members have suffered damages in an amount to be proven at trial. Pursuant to 47 U.S.C. § 227(b)(3)(C), Plaintiff Thomas and the respective Class members are entitled to treble damages because Defendant Citibank knowingly and willfully violated the Telephone Consumer Protection Act.

E. **FIFTH CLAIM FOR RELIEF - VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, RCW 19.86,** *et seq.*

(On Behalf of Plaintiff and All Classes)

60. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 59 above.

61. Defendant Citibank employed unfair and deceptive acts and practices in the conduct of a trade or business in violation of the Washington Consumer Protection Act, RCW 19.86, *et seq*, by predatorily extending credit to Plaintiff Thomas prior to the clearing of Plaintiff Thomas' check in March 2019 and by willfully and maliciously inaccurately reporting information regarding Plaintiff Thomas' and respective Class members credit accounts to the credit bureaus.

62. Defendant Citibank's unfair and deceptive acts and practices have the

Class Action Complaint
(Thomas v. Bank of America Corporation)
Page 10 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

capacity to deceive a substantial portion of the public.

63. Defendant Citibank's unfair and deceptive acts and practices have an impact on public interest because there is a likelihood that the acts will be repeated with other persons.

64. As a direct and proximate result of Defendant Citibank's unfair and deceptive acts and practices, Plaintiff Thomas and the Class members have incurred damages in an amount to be proven at trial.

65. Pursuant to RCW 19.86.90, Plaintiff Thomas and the Class members are entitled to an award of treble damages.

66. Pursuant to RCW 19.86.90 and 19.86.140, Plaintiff Thomas and the Class members are entitled to payment of reasonable attorney fees and costs and civil penalties by Defendant Citibank.

### F. SIXTH CLAIM FOR RELIEF – WILLFUL AND NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 USC § 1681n and 15 USC § 1681o
#### (Plaintiff Thomas)

67. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 66 above.

68. Plaintiff Thomas submitted timely payments to Defendant Citibank to be applied to his credit card account maintained with Defendant Citibank.

69. Defendant Citibank willfully failed to correctly apply Plaintiff Thomas' payments to his credit card account maintained with Defendant Citibank.

70. In violation of 15 USC § 1681s-2, Defendant Citibank knowingly and willfully reported inaccurately to the credit reporting agencies that Plaintiff Thomas' credit card account maintained with Defendant Citibank was delinquent.

71. Upon information and belief, in violation of 15 USC § 1681s-2, Defendant Citibank failed to promptly notify the consumer reporting agencies that Defendant

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 11 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

Citibank was inaccurately reporting Plaintiff Thomas' credit card account as delinquent.

72. Plaintiff Thomas has been damaged by Defendant Citibank's willful and inaccurate reporting of his Citibank credit card account to credit reporting agencies.

73. Pursuant to 15 USC § 1681n(a)(1)(A), Plaintiff Thomas is entitled to his actual damages of at least $100.00 and up to $1000.00 for each of Defendant Citibank's willful violations of its duties under 15 USC § 1681s-2 to be proven at trial.

74. Pursuant to 15 USC § 1681n(a)(2), Plaintiff Thomas is entitled to punitive damages for each of Defendant Citibank's willful violations of its duties under 15 USC § 1681s-2 to be proven at trial.

75. Pursuant to 15 USC § 1681n(a)(3), Plaintiff Thomas is entitled to his reasonable costs and attorney fees.

76. Pursuant to 15 USC § 1681o(a)(1), Plaintiff Thomas is entitled to his actual damages incurred as a result of Defendant Citibank's negligent violations of its duties under 15 USC § 1681s-2 to be proven at trial.

77. Pursuant to 15 USC § 1681o(a)(2), Plaintiff Thomas is entitled to his reasonable costs and attorney fees.

G.  **SEVENTH CLAIM FOR RELIEF – BREACH OF CONTRACT**

**(Plaintiff Thomas)**

78. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 77 above.

79. Plaintiff entered into a valid contract with Defendant Citibank for the opening and maintaining of Plaintiff Thomas' a credit card account with Defendant Citibank.

80. Defendant Citibank has materially breached its contract with Plaintiff Thomas by, among other things, improperly reporting Plaintiff Thomas' account as delinquent.

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 12 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

81.     As a result of Defendant Citibank's material breach of its contract with Plaintiff Thomas, Plaintiff Thomas has suffered damages in amount to be proven at trial.

### H.  EIGHTH CLAIM FOR RELIEF - VIOLATING RIGHT OF PRIVACY (RCW 9.73.060)

(Plaintiff Thomas)

82.     Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 81 above.

83.     On July 15, 2019, a representative of Defendant Citibank unlawfully recorded the telephone conversation between he and Plaintiff Thomas in violation of Washington's RCW 9.73.030(1)(a).

84.     Pursuant to RCW 9.73.060 Plaintiff Thomas is entitled to actual damages to be proven at trial, as well as reasonable attorney fees.

## VI.  JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Josh Thomas respectfully requests a trial by jury on all issues properly triable by jury.

## VII.  PRAYER FOR RELIEF

Plaintiff Thomas, on behalf of himself and the proposed Class, seeks the following relief:

1. An order certifying the proposed Class pursuant to Federal Rule of Civil Procedure 23 and appointing Plaintiff and his counsel to represent the Class;
2. An award of damages in an amount to be proven at trial;
3. An award of punitive damages, pursuant to 15 USC § 1681n(a)(2);
4. An award of treble damages, pursuant to RCW 19.86.90;
5. An award of civil penalties, pursuant to RCW 19.86.140;
6. An award of reasonable attorney fees and other costs incurred out of the necessity of having to bring this litigation;

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 13 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

7. An award of pre-judgment and post-judgment interest;

8. Leave to amend this Complaint to conform to the evidence;

9. Such other and further relief as this Court may deem just and equitable.

DATED this 26th day of July, 2019,

ROSFJORD LAW PLLC

_____
Chris Rosfjord, WSBA #37668
Attorney for Plaintiff

FREEMAN LAW FIRM, INC.

/s/ Spencer Freeman
_____
Spencer Freeman, WSBA #25069
Attorney for Plaintiff

Class Action Complaint
*(Thomas v. Bank of America Corporation)*
Page 14 of 14

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849